**Karla ARREOLA–DIAZ, Petitioner,**

**v.**

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–75028.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 23, 2008.*

Filed Nov. 5, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Dan R. Larsson, Larsson Immigration Group, PC, Bend, OR, for Petitioner.

Walter Manning Evans, Esquire, OIL, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA and M. SMITH, Circuit Judges, and WU,** District Judge.

### MEMORANDUM ***

Petitioner Karla Arreola–Diaz seeks review of the Board of Immigration Appeals's (BIA's) dismissal of her appeal of an Immigration Judge's (IJ's) decision denying her request for a continuance to allow her father to finalize his naturalization application and ordering her removal. Arreola–Diaz alleges abuse of discretion and denial of due process and a full and fair hearing because the IJ and the BIA failed to analyze fully the question of whether she could retain a timely priority date for adjustment of status under § 245(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1255(i), in light of the former Immigration and Naturalization Service's (INS's) failure to inform her before the expiration of the April 30, 2001 filing deadline that her father had omitted the requisite filing fee for her Immediate Relative Visa Petition, Form I–130. Because we find Arreola–Diaz's arguments foreclosed by this circuit's recently-issued opinion in *Balam–Chuc v. Mukasey,* 547 F.3d 1044 (9th Cir.2008), we deny her petition.

As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. In *Balam–Chuc,* the petitioner appealed the INS's denial of his application for adjustment of status under INA § 245(i), as well as the IJ's and the BIA's subsequent rulings upholding that decision. *Id.* at 1046–47. As in this case, the petitioner had filed a valid I–130 petition only after the April 30, 2001 deadline had passed, and could not provide any evidence of a timely filing by his counsel, who acknowledged that an earlier, attempted application "might have been returned because it was not accompanied by the appropriate filing fee." *Id.* In denying the petition, a panel of this court held that the deadline imposed under INA § 245(i) operates as a statute of repose, and is thus not subject to equitable tolling. *Id.* at 1047–50.

Accordingly, the BIA did not abuse its discretion or deny Arreola–Diaz due process or a full and fair hearing by failing to analyze fully the equitable-tolling issue, be-

---

** The Honorable George H. Wu, United States District Court Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

cause the April 30, 2001 deadline is not subject to equitable tolling in any event.

PETITION DENIED.

---

* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.